UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ADAM SETH PUNSCHKE,

        Movant,

                                     File No. 1:08-CV-479

v.

                                     HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

        Respondent.

_____/

## **O P I N I O N**

This matter comes before the Court on Movant Adam Seth Punschke's motion under

28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this

Court.  For the reasons that follow, this motion will be denied.

## **I.**

An indictment of Movant was filed on November 22, 2005, and superseded on

January 5, 2006.  On March 20, 2006, a superseding information was filed charging Movant

with possession, with intent to distribute, of more than 500 grams of cocaine in violation of

21 U.S.C. §§ 841(a) and 841(b)(1)(C).  Movant pleaded guilty on March 20, 2006, pursuant

to a written plea agreement in which the government agreed to dismiss the original and

superseding indictments.  This Court, on June 20, 2006, sentenced Movant to seventy-eight

months of incarceration and three years of supervised release.  *United States v. Punschke*,

File No. 1:05-CR-273, Dkt. No. 76 (W.D. Mich. June 20, 2006).  Movant's conviction and

sentence were affirmed on appeal. *United States v. Punschke*, 247 F. App'x 789 (6th Cir. 2007). On January 28, 2008, the Supreme Court denied Movant's petition for a writ of certiorari. Movant filed his § 2255 motion on May 27, 2008.

## II.

To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process.'" *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either: (1) "cause" and "actual prejudice"; or (2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). An ineffective assistance of counsel claim, however, is not subject

to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the movant could have raised the claim on direct appeal. *Id.*

A court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b).

### III.

Movant seeks relief based on ineffective assistance of counsel, for which he has four distinct claims: (1) counsel failed to ensure that Movant received a sentence of fifty-three months as agreed upon in the plea agreement; (2) counsel failed to properly object to the drug quantity calculation used for sentencing; (3) counsel failed to properly object to the government seeking a sentence above and beyond that which was guaranteed in the plea agreement; (4) counsel failed to properly object to the calculation of Movant's criminal history level. (Dkt. No. 1, at 1.)

To make out a claim of ineffective assistance of counsel, Movant must show that counsel's representation fell below an objective standard of reasonableness, and that counsel's deficient performance prejudiced Movant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Movant's first contention is that the plea agreement guaranteed a sentence of fifty-three months. (Dkt. No. 1, at 2.) The record fails to support this contention.

Section 7 of the plea agreement, titled "There is No Agreement About the Final Sentencing Guidelines Range," states:

> The Defendant and the U.S. Attorney's office have no agreement as to the applicable Sentencing Guidelines factors or the appropriate guideline range . . . . Both parties reserve the right to seek any sentence within the statutory maximum and to argue for any criminal history category and score, offense level, specific offense characteristics, adjustments and departures.

(Plea Agreement ¶ 7.) Furthermore, in his response to the government, Movant concedes that there was no binding sentence agreed upon in the plea agreement. (Dkt. No. 8.) Thus, the Court finds that counsel was objectively reasonable and did not prejudice Movant by not arguing for a specific sentence of fifty-three months.

Movant's second claim is that counsel was ineffective for not objecting to the drug quantity calculation contained in the presentence report ("PSR") and used by the Court for sentencing. Movant expected the drug quantity calculation to reflect his agreement with the government that between 500 grams and two kilograms of cocaine would be attributed to him. (Dkt. No. 1, at 7.) However, the Court decided, after consulting the PSR and Movant's plea agreement, that the amount of drugs in question was "well in excess of two kilograms." (File No. 1:05-CR-273, Dkt. No. 88, Sent. Tr. 12.) As a result, the Court started Movant at a Sentencing Guidelines base offense level of 28, instead of level 26 as Movant expected. U.S.S.G. § 2D1.1.

Nevertheless, Movant's claim is without merit, because counsel did, in fact, object to the calculation of the drug quantity:

MR. HILLS: Your Honor, the next objection that I have is to the base offense level.

. . . .

I'm arguing that my -- I believe my client testified to between 500 grams and two kilograms, that that's the extent of his involvement in this conspiracy. That's what I'm arguing, Your Honor.

(*Id.* at 8, 11.)

Even if the Court was to find that counsel's objection was not properly made, the Court still finds that Movant fails to establish prejudice. While Movant and the government did agree in the plea agreement that the amount of cocaine attributable to Movant should be between 500 grams and two kilograms, Movant stipulated to conduct that involved more than two kilograms of cocaine. (Plea Agreement ¶ 5.) Movant acknowledges this stipulation, but he claims that there was a misunderstanding and that these transactions involved a much smaller amount of cocaine. (Dkt. No. 8, at 1-3.) However, Movant is bound by his stipulation, especially considering he asserted before signing: "I have read this agreement and carefully discussed every part of it with my attorney." (Plea Agreement 6.) In addition, the Court had the ability to reject a recommendation made in the plea agreement, and paragraph 9 of the plea agreement clearly informed Movant of that possibility:

> The Court is not a party to this agreement and is under no obligation to accept any recommendation by U.S. Attorney's Office of the parties regarding the sentence to be imposed. The Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by the statute, the Defendant cannot, for that reason, withdraw his guilty plea.

5

(*Id.* at ¶ 9.) Moreover, the Court of Appeals agreed that Movant's stipulation was enough on its own to support the Court's decision to sentence Movant for possession of more than two kilograms of cocaine. *United States v. Punschke*, 247 F. App'x 789, 792 (6th Cir. 2007).

Movant's third claim that counsel failed to properly object to the government seeking a sentence above and beyond that which was guaranteed in the plea agreement is also without merit. A counsel is not ineffective for failing to make a futile objection. *Harris v. United States*, 204 F.3d 681, 683 (6th Cir. 2000). As conceded by Movant, there was no guarantee of a fifty-three month sentence. (Dkt. No. 8, at 1.) Both parties reserved the right in the plea agreement to "seek any sentence within the statutory maximum." (Plea Agreement ¶ 7.) Moreover, the government never argued for or attempted to prove that more than two kilograms of cocaine were attributable to Movant. (File No. 1:05-CR-273, Dkt. No. 88, Sent. Tr.) Thus, counsel was objectively reasonable and did not prejudice Movant by failing to raise this argument.

Movant's fourth claim is that counsel failed to properly object to the calculation of his criminal history score. This claim is also without merit. Counsel did properly object to the criminal history calculation at sentencing:

> Under criminal history I object to I believe it's Paragraph 74. This is the resisting arrest, attempted assaulting, resisting, obstructing a police officer. My client was afforded one point under criminal history in Paragraph 74. I would object to that scoring.

(*Id.* at 14.) Counsel also moved the Court to lower Movant's criminal history level on account of the minor nature of his past offenses:

6

I believe that Section 4A1.3 could be utilized as a net if the Court were so inclined to depart downward on the scoring of the criminal history because of the petty nature of the offenses. These offenses substantially overrepresent the defendant's criminal history, so I'd ask the Court to consider coming down to another level, level I criminal history.

(*Id.* at 18.) Even if the Court was to find that Movant did not properly object to the criminal history level calculation, the Court finds that there was no prejudice. The Court of Appeals reviewed the criminal history calculation and determined that the two criminal history points assessed for possession of marijuana and retail fraud were properly calculated. *United States v. Punschke*, 247 F. App'x 789, 794 (6th Cir. 2007) As a result, it held that any possible error in assessing one point for attempted assault was harmless because even without that extra point Movant's criminal history category would still be II. *Id.* at 795.

The files and records in this case conclusively show that Movant is entitled to no relief under § 2255. Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion. For the reasons stated herein, Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be denied.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability to Movant. To warrant a grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).

Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Upon review of each claim, the Court does not believe that reasonable jurists would find its assessment of Movant's claims to be debatable or wrong. Accordingly, a certificate of appealability will also be denied.

An order and judgment consistent with this opinion shall be entered.


Dated: <u>June 10, 2010</u>                              <u>/s/ Robert Holmes Bell</u>
                                                      ROBERT HOLMES BELL
                                                      UNITED STATES DISTRICT JUDGE